IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01274-REB-MEH

BENJAMIN BURLINSON,

    Plaintiff,

v.

WELLS FARGO BANK N.A., as Trustee for ABFC 2006-OPT3 Trust, ABFC Asset-Backed
    Certificates, Series 2006-OPT3,
ERICKA D. OLSON, Reg. No. 37897,
THE LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC, and
PATRICIA THOMPSON,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO STAY
---

Pending before the Court is Defendants' Unopposed Motion for Partial Stay of Proceedings [filed September 10, 2008; doc #29]. The matter has been referred to this Court for disposition [docket #31]. For the reasons stated below, Defendants' motion is **denied**.

**I.    Background**

Plaintiff instituted this action on June 13, 2008. In essence, Plaintiff alleges that Defendants, acting in concert, improperly commenced a foreclosure action against his home through the El Paso County public trustee and district court. *See* Complaint [docket #1]. On July 28, 2008, Defendant Thompson responded to the Complaint by filing a Motion to Dismiss, and Defendant Olson responded with her own Motion to Dismiss on August 6, 2008. *See* dockets #12 and #15. Defendant Wells Fargo joined in the motions to dismiss on August 26, 2008. Docket #19. Thereafter, on September 10, 2008, Defendants filed the within Motion for Partial Stay of Proceedings, alleging that "it would best serve the interests of judicial economy to stay the normal

proceedings." *See* doc #24 at ¶ 2. The Court anticipated discussing the motion with the parties at a Status Conference scheduled for September 17, 2008; however, Plaintiff failed to appear at the conference.

**II.    Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).

In this matter, staying the case while Defendants' motions to dismiss and motion for summary judgment are pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. Defendants claim that a stay of proceedings would best serve the interests of judicial economy in that the "time, money and effort spent" conducting discovery in, what they term, a "futile" action would be a waste. However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, there is no evidence of a special burden on the Defendants.

Generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Blackburn, who instructs

the parties that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case management." REB Practice Stds., I.F. and I.G. Consequently, although the parties have agreed to a stay in this matter, the more general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion for Partial Stay be denied.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Unopposed Motion for Partial Stay of Proceedings [filed September 10, 2008; doc #29] is **denied**.

In addition, a Scheduling Conference is hereby set in this case for **October 21, 2008 at 9:30 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado. If this date is not convenient, counsel should confer with the Plaintiff and contact my Chambers to reschedule the conference. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the conference.

It is further ORDERED that counsel for the parties in this case are to hold a pre-scheduling conference meeting and jointly prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f) on or before **October 7, 2008**. Pursuant to Fed.R.Civ.P. 26(d), no discovery shall be submitted until after the pre-scheduling conference meeting, unless otherwise ordered or directed by the Court.

The parties shall file the proposed Scheduling Order with the Clerk's Office, and in accordance with District of Colorado Electronic Case Filing ("ECF") Procedures V.L., **no later than**

**five (5) business days** prior to the scheduling conference. **The proposed Scheduling Order is also to be submitted in a useable format (i.e., Word or WordPerfect only) by email to Magistrate Judge Hegarty at *Hegarty_Chambers@cod.uscourts.gov*.**

Parties not participating in ECF shall file their proposed Scheduling Order on paper with the clerk's office. However, if any party in this case is participating in ECF, it is the responsibility of that party to file the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed Scheduling Order in accordance with the form which may be downloaded in richtext format from the Standardized Order Forms section of the Court's website, found at http://www.co.uscourts.gov/forms_frame.htm.** All Scheduling Conferences held before a Magistrate Judge utilize the same scheduling order format, regardless of the District Judge assigned to the case.

Any out-of-state counsel shall comply with D.C.Colo.L.Civ.R 83.3C prior to the Scheduling Conference.

The parties are further advised that they shall not assume that the Court will grant the relief requested in any motion. Failure to appear at a Court-ordered conference or to comply with a Court-ordered deadline which has not be vacated by Court order may result in the imposition of sanctions.

Finally, the parties or counsel attending the Conference should be prepared to informally discuss settlement of the case. There is no requirement to submit confidential settlement documents/letters to the Court beforehand or to have parties present who shall have full authority to negotiate all terms and demands presented by the case.

Please remember that anyone seeking entry into the Byron G. Rogers United States

Courthouse will be required to show a valid photo identification.  *See* D.C. Colo. LCivR 83.2B.

Dated at Denver, Colorado, this 1st day of October, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge