IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01274-REB-MEH

BENJAMIN BURLINSON,

    Plaintiff,

v.

WELLS FARGO BANK N.A., as Trustee for ABFC 2006-OPT3 Trust, ABFC Asset-Backed
    Certificates, Series 2006-OPT3,
ERICKA D. OLSON, Reg. No. 37897,
THE LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC, and
PATRICIA THOMPSON,

    Defendants.

## RECOMMENDATION ON PENDING DISPOSITIVE MOTIONS

Before the Court are Motions to Dismiss filed by Defendant Patricia Thompson [docket #12] and Defendant Ericka Olson [docket #15], both of which are joined by Defendant Wells Fargo Bank N.A. as Trustee ("Wells Fargo") [docket #22], a Motion for Summary Judgment filed by Plaintiff [docket #24] and a Motion for Summary Judgment filed by Defendant Wells Fargo [docket #33]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motions to Dismiss and **deny** the Motions for Summary Judgment as moot.

**I.    Background**

Plaintiff purchased a home on July 7, 2006, and executed a promissory note which named Option One Mortgage Corporation ("Option One") as the note holder. Plaintiff also executed a deed of trust, naming Option One as the lender. In November 2007, Defendant Ericka Olson of the law

firm of Defendant Castle Meinhold & Stawiarski, LLC commenced a foreclosure action on behalf of Wells Fargo seeking to collect on the promissory note. Plaintiff alleges that Wells Fargo is not the owner of the promissory note and, therefore, Defendants' actions in seeking the foreclosure of his home violate the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, because Defendants had no legal right to collect on the debt. Plaintiff alleges that Defendant Patricia Thompson, the Public Trustee for El Paso County, participated in these violations by allowing Wells Fargo to foreclose on his house when Option One is the lender listed on the deed of trust. Plaintiff contends that Defendant Thompson exceeded her statutory authority and conspired with the other Defendants to violate the FDCPA.

Among other things in this action, Plaintiff seeks actual and statutory damages for violations of the FDCPA, statutory damages under the Equal Access to Justice Act, as well as "[d]eclaratory relief under 28 U.S.C. § 2201 declaring the state court order void." Docket #1 at 7. In sum, Plaintiff alleges that "Defendants, [in] attempting to collect the debt, repeatedly and falsely represented in the records of the Office of the Public Trustee, the records of the court and to [the] public in general, the character and ownership of the lien and the legal basis and grounds upon which its action to collect this debt was based." *Id.* at ¶ 15.

In Defendants' Motions to Dismiss, they argue that Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine, because Plaintiff seeks a declaration that the state court foreclosure action is void; that Defendant Thompson is not subject to the FDCPA; and that Plaintiff does not state a claim for violation of the FDCPA, because this claim is premised on Plaintiff's assertion that Wells Fargo cannot foreclose on his home.

Plaintiff responded only to Defendant Olson's motion arguing that dismissal at this stage of

the proceeding without allowing discovery would be improper. Docket #41 at ¶ 5. Plaintiff asserts that no legal authority to foreclose on his home has been proven, and that the *Rooker-Feldman* doctrine does not apply, because "the state court order is already void" since the El Paso County Court had no jurisdiction to hear the foreclosure action in the first place. *Id.* at ¶¶ 23-24. Defendant Olson filed no reply to Plaintiff's response.

Plaintiff did, however, file his own Motion for Summary Judgment contending that there is no dispute as to material facts in this case. *See* docket #24 at 2. Plaintiff argues that "[t]here is an absolute requirement to comply with state recording laws and state foreclosure laws when taking real property," and that Defendants failed to do so in this instance. *Id.* at ¶ 14. Defendant Wells Fargo responds that its method for proving ownership of a debt is expressly sanctioned by Colorado law, and that Plaintiff's underlying premise for his motion is, therefore, incorrect. Docket #35. The remaining Defendants make similar arguments in their responses, and reassert their positions that the *Rooker-Feldman* doctrine bars this action. *See* dockets #42 and #43.

Defendant Wells Fargo, then, filed its own Motion for Summary Judgment arguing that, because Wells Fargo's ownership of the indebtedness and property was finally and necessarily resolved against Plaintiff in the state forcible entry and detainer action, Plaintiff's claims are barred by the principles of claim preclusion and issue preclusion. Docket #33 at 2. Plaintiff did not respond to the motion.

**II.     Legal Standard for Motions to Dismiss**

  A. <u>Dismissal under Fed. R. Civ. P. 12(b)(1)</u>

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the

3

merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225.

Here, the Court takes judicial notice of the pleadings and other filings filed in the state court actions, which are considered to be incorporated in Plaintiff's complaint. *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1385 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiffs claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").

B.     Dismissal under Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

C.     Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only

'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### III. Defendant Patricia Thompson's Motion to Dismiss

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights"). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff alleges that the actions of Defendant Thompson in the foreclosure were illegal. Plaintiff seeks a declaration from this Court that the state court foreclosure action was void. For Plaintiff's claims against Defendant Thompson to stand, he must establish that the lien she allowed to be foreclosed was invalid and that, through this process, she exceeded her authority as Public Trustee of El Paso County. Clearly, if the lien was perfected and valid, Plaintiff would have no claim against her, and he has not alleged that he did not default on the loan. Thus, the premise of this claim also centers on the validity of the lien, or Wells Fargo's standing to foreclose on the lien. Because the premise of Plaintiff's claims was previously adjudicated by the state court, which

authorized the sale of his house, granting Plaintiff the relief requested would require this Court to invalidate a state court judgment. Accordingly, these allegations, as well as the requested relief, are squarely within the scope of the *Rooker-Feldman* doctrine, and preclude this Court from reviewing Plaintiff's claims.

Plaintiff also claims that Defendant Thompson violated the FDCPA by participating in the foreclosure. The FDCPA applies only to debt collectors, and, therefore, does not apply to the Defendant Thompson, an officer of the State. 15 U.S.C. § 1692a(6)(C) (excluding any officer or employee of the state who is acting in the performance of her official duties). Because Ms. Thompson was performing her official duties, she cannot be sued under the FDCPA. Accordingly, Plaintiff's claims against Defendant Thompson must fail, and this Court recommends that Defendant Thompson's Motion to Dismiss be granted.

## IV. Remaining Defendants' Motion to Dismiss

Defendants Wells Fargo and Ericka Olson argue that Plaintiff's claims against them are also barred by *Rooker-Feldman*. Again, Plaintiff is attempting to overturn the state court order of foreclosure in this Court. Plaintiff alleges that it was improper for these Defendants to foreclose on his home. Plaintiff contends that "Defendants, acting in concert, commenced an action in foreclosure against the property through the office of the public trustee for the county of El Paso and the District Court for the County of El Paso claiming that they had a recorded lien interest against the property, when they did not." Docket #1 at ¶ 13. However, the state court has already authorized the sale of the property. Docket #16-2 at 3. Plaintiff received notice of the motion for court order authorizing the sale, docket #16-2 at 13, and he should have contested Defendant's ability to foreclose on his home at the hearing on the motion. Plaintiff's attempts to do so in federal

7

court fall squarely within *Rooker-Feldman*, as courts addressing similar claims have previously determined. *See, e.g. Lyons v. WM Specialty Mortgage, LLC*, 2008 WL 2811820 (D. Colo. July 18, 2008); *Reagan v. Tolleson Private Bank*, 2008 WL 3171194 (N.D. Tex. July 28, 2008); *Byrd v. Homecomings Financial Network*, 407 F. Supp. 25 937, 943 (N.D. Ill. 2005) ("Absent the state court's judgment of foreclosure and subsequent confirmation of the sale of Byrd's property, Byrd would not now have the injury she seeks to redress. All of Byrd's filings attempt to remedy this one injury: the foreclosure on her home. Thus, *Rooker-Feldman* applies, and the Court does not have subject-matter jurisdiction to hear Byrd's claims.").

Moreover, any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by *Rooker-Feldman*. *Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *See Feldman,* 460 U.S. at 483-84 n.16. A federal claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id*.

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707

(10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). For example, the Tenth Circuit Court of Appeals has held that a claim that the state court proceedings were deficient is exactly the kind of claim that should be rejected as inextricably intertwined with the state court claims, because it necessarily seeks invalidation of a state court judgment. *Bergman v. LaCouture*, 218 Fed. Appx. 749, 751 (10th Cir. 2007) (holding that plaintiff's attempt to overturn a state court judgment because she did not receive notice of the state court hearing was barred by *Rooker-Feldman*).

Here, Plaintiff's FDCPA claims are premised on the argument that Defendants had no legal right to foreclose on his property, and that Defendants violated federal law by seeking to collect on a debt without the legal right to do so. Thus, a consideration of Plaintiff's FDCPA claims requires this Court to overturn the state court's determination when it issued its Order Authorizing Sale that Defendant Wells Fargo had the legal right to foreclose on Plaintiff's house. Plaintiff's federal claims are, therefore, inextricably intertwined with the state court claims.

To the extent that Plaintiff's claims are not barred, he has chosen the wrong forum. Construing his pleading liberally, Plaintiff may argue that his claims are appropriate because Rule 120 allows review of the Order Authorizing Sale in "any court of competent jurisdiction." Colo. R. Civ. P. 120(d). While this statement of Colorado law is correct, Plaintiff's choice of courts is not. The Colorado Rules of Civil Procedure cannot confer jurisdiction in federal court. Thus, Plaintiff must rely on his FDCPA claims and request that this Court exercise supplemental jurisdiction over the Rule 120 proceedings pursuant to 28 U.S.C. § 1367 (a). Supplemental jurisdiction, however, is inappropriate in this case for two reasons. First, Section 1367 allows federal courts to decline to

exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367 (c)(2). In this case, whether Defendants have the legal right under state law to foreclose on Plaintiff's home is the crux of this case, as well as the basis of Plaintiff's FDCPA claims. The Rule 120 proceedings initiated by Defendant Wells Fargo, therefore, substantially predominate in this case.

Second, federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal challenges. *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to the *Younger* Abstention Doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). This Court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

In this case, Plaintiff readily admits that this federal lawsuit corresponds to proceedings in state court by alleging that Defendants tried to foreclose on his house. Plaintiff can pursue his claim that Defendants have no legal right to foreclose on his house first with the county court and later with the state court of appeals. Plaintiff does not and cannot establish that the state appellate process will not provide an adequate forum for his claims. Moreover, the state proceedings involve important state interests, in that the foreclosure action as well as the perfection and recording of liens

are matters governed by state law and are traditionally resolved in state courts. Rule 120 provides that "[a]ny proceeding under this Rule involving a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which the property or a substantial part thereof is located." Colo. R. Civ. P. 120(f). Thus, the state has expressed its interest in having the matter at issue in this case resolved specifically in state court for El Paso County.

For these reasons, the Court finds that Plaintiff's attempts to declare the state court foreclosure void and to claim that Defendants' actions in foreclosing on Plaintiff's house violated the FDCPA are barred by *Rooker-Feldman*. To the extent that Plaintiff has raised claims not barred by a judgment, this Court should abstain from exercising jurisdiction over Plaintiff's claims to allow Plaintiff to pursue his legal remedies in the proper forum, which is the state court for El Paso County.

With respect to Plaintiff's claims pursuant to 42 U.S.C. § 1985, Plaintiff essentially alleges that all Defendants, despite knowing that representations made to the county court and Office of the Public Trustee were false, proceeded to complete the collection action against the Plaintiff's home. Docket #1 at ¶29. To establish an actionable conspiracy under § 1985(3), a plaintiff must prove that the conspiracy was motivated by "some racial or otherwise class-based discriminatory animus." *See Dixon v. City of Lawton,* 898 F.2d 1443, 1447 (10th Cir. 1990); *see also Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994) ("Section 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus."). Here, Plaintiff has failed not only to establish such an animus, but to allege it; therefore, his § 1985 conspiracy claim fails.

11

Finally, although Plaintiff seeks damages pursuant to the Equal Access to Justice Act, this Act applies only in cases brought against the United States, and the Plaintiff's claim for damages under this Act should, therefore, be denied. *See* 28 U.S.C. § 2401 *et seq.*

## V.     Motions for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In this instance, Plaintiff's Motion for Summary Judgment squarely addresses the merits of his claims. As this Court has determined it does not have subject matter jurisdiction to hear the Plaintiff's claims, the Court recommends that Plaintiff's Motion for Summary Judgment be denied as moot. *See Dillard-Crowe v. Citibank, N.A.*, 2008 WL 4223271, *2 (D. Colo. Sept 10, 2008).

Similarly, Defendant's Motion for Summary Judgment requests a determination that both claim and issue preclusion apply to Plaintiff's claims. Such determination necessarily requires, among other things, an analysis of whether the legal and/or factual issues are the same in this litigation as those allegedly finalized in the state court proceedings. As this Court has no jurisdiction to hear the matter, the required analysis would be improper in this forum. *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 708 n.4 (10th Cir. 2004) ("preclusion doctrines

12

provide affirmative defenses once a court exercises jurisdiction over a civil action, and they are subject to waiver where not timely raised") (citing *Horwitz v. State Bd. Of Med. Exam'rs*, 822 F.2d 1508, 1512 (10th Cir. 1987). Therefore, the Court recommends that Defendant Wells Fargo's Motion for Summary Judgment likewise be denied as moot.

## VI. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that the Motions to Dismiss filed by Defendant Patricia Thompson [filed July 28, 2008; docket #12] and Defendant Ericka Olson [filed August 6, 2008; docket #15], both of which are joined by Defendant Wells Fargo Bank N.A. as Trustee ("Wells Fargo") [docket #22] be **granted**, that the case be **dismissed without prejudice**. In addition, as the Court is without jurisdiction to hear the merits of this case, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment [filed August 26, 2008; docket #24] and Defendant Wells Fargo's Motion for Summary Judgment [filed September 16, 2008; docket #33] be **denied** as moot.

Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 14th day of October, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge