IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01274-REB-MEH

BENJAMIN BURLINSON,

    Plaintiffs,

v.

WELLS FARGO BANK N.A., as Trustee for ABFC 2006-OPT3 Trust, ABFC Asset-Backed Certificates, Series 2006-OPT3,
ERICKA D. OLSON, Reg. No. 37897,
THE LAW FIRM OF CASTLE, MEINHOLD & STAWIARSKI, LLC, and
PATRICIA THOMPSON,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant Thompson's Motion To Dismiss** [#12][1] filed July 28, 2008; (2) **Defendant Ericka D. Olson's Motion To Dismiss Plaintiff's Complaint** [#15] filed August 6, 2008; (3) **Plaintiff's Motion for Summary Judgment** [#24] filed August 26, 2008; (4) **Wells Fargo's Motion for Summary Judgment** [#33] filed September 16, 2008; and (5) the magistrate judge's **Recommendation on Pending Dispositive Motions** [#61] filed October 14, 2008. The magistrate judge has granted **Wells Fargo, N.A.'s Joinder in Motions To Dismiss by Defendants Ericka D. Olson and Patricia Thompson** [#19] filed August 26, 2008. The

---

[1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

plaintiff filed objections [#66] to the recommendation, and the defendants filed responses [#72, #73, & #74] to the plaintiff's objections.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable law. In addition, because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The recommendation is detailed and well-reasoned. Finding no error in the magistrate judge's reasoning and recommended disposition, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted. I find also that the objections stated by the plaintiff in **Plaintiff's Objection To Recommendation of Dismissal** [#66] filed October 24, 2008, are without merit.

I note that on November 26, 2008, after the magistrate judge's recommendation was issued, defendant Wells Fargo filed an **Amended Answer and Counterclaim of Wells Fargo Bank, N.A.** [#76]. Wells Fargo now asserts a counterclaim against the plaintiff. The counterclaim does not include jurisdictional allegations, and, of course, the counterclaim is not addressed in the pending motions or in the recommendation. To determine the status of the counterclaim, I direct defendant Wells Fargo to file a brief concerning the counterclaim. If Wells Fargo wishes to continue to prosecute its counterclaim, then Wells Fargo must demonstrate in its brief that it is proper for this court to exercise jurisdiction over its counterclaim after all of the plaintiff's claims have been

2

dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in **Plaintiff's Objection To Recommendation of Dismissal** [#66] filed October 24, 2008, are **OVERRULED**;

2. That the **Recommendation on Pending Dispositive Motions** [#61] filed October 14, 2008, is **APPROVED AND ADOPTED** as an order of this court;

3. That **Defendant Thompson's Motion To Dismiss** [#12] filed July 28, 2008, is **GRANTED**;

4. That **Defendant Ericka D. Olson's Motion To Dismiss Plaintiff's Complaint** [#15] filed August 6, 2008, is **GRANTED**;

5. That defendant Wells Fargo, N.A., has joined in **Defendant Thompson's Motion To Dismiss** [#12] filed July 28, 2008, and in **Defendant Ericka D. Olson's Motion To Dismiss Plaintiff's Complaint** [#15] filed August 6, 2008, and those motions are **GRANTED** as to defendant, Wells Fargo, N.A.;

6. That the **Plaintiff's Motion for Summary Judgment** [#24] filed August 26, 2008, is **DENIED** as moot;

7. That defendant **Wells Fargo's Motion for Summary Judgment** [#33] filed September 16, 2008, is **DENIED** as moot;

8. That the plaintiff's Complaint and Jury Demand [#1] filed June 13, 2008, is **DISMISSED** without prejudice;

9. That on or before **March 25, 2008**, defendant, Wells Fargo, N.A., **SHALL FILE** with the court a brief written statement indicating whether or not it intends to continue to prosecute its counterclaim; and

10. That if defendant Wells Fargo, N.A. intends to prosecute its counterclaim in

this action, then on or before **March 25, 2008**, defendant, Wells Fargo, N.A., **SHALL FILE** with the court a brief, limited to eight (8) pages, demonstrating (a) the basis on which Wells Fargo, N.A. asserts that this court has jurisdiction over its counterclaim; and (b) that it is proper for this court to exercise jurisdiction over defendant Wells Fargo, N.A.'s counterclaim after all of the plaintiff's claims have been dismissed.

Dated February 9, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge